UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARR, INC.,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>NORTHBROOK VILLAGE II, INC.,<br><br>　　　　Defendant.<br><br>AND<br><br>NORTHBROOK VILLAGE II, INC.,<br><br>　　　　Third-Party Plaintiff,<br><br>　　　　v.<br><br>HARTFORD FIRE INSURANCE CO.,<br><br>　　　　Third-Party Defendant. | CIVIL ACTION<br>No. 13-40134-TSH |

**<u>MEMORANDUM OF DECISION ON PLAINTIFF BARR INC.'S, MOTION FOR SUMMARY JUDGMENT ON DEFENDANT NORTHBROOK VILLAGE II, INC.'S EIGHTH AFFIRMATIVE DEFENSE (Docket No. 20)</u>**
**April 28, 2014**

HILLMAN, D.J.

### **Introduction**

Plaintiff, Barr Inc. ("Barr" or "Plaintiff"), filed a Complaint against Northbrook Village II ("Northbrook" or "Defendant") alleging breach of contract, unjust enrichment, a violation of M.G.L. ch. 254, and a violation of M.G.L ch. 93A, §11. Northbrook, as property owner, and Barr, as general contractor, entered into a contract to complete a construction project (the

1

"Project"); however, the Project was not completed as scheduled and Northbrook moved to terminate the contract and remove Barr from the jobsite. Northbrook's response to Barr's Complaint included a series of affirmative defenses. Northbrook's Eighth Affirmative Defense asserted that Barr was statutorily prohibited from establishing a mechanic's lien on the property since Barr had been required to obtain a Lien Bond prior to beginning work on the project. Barr has moved for summary judgment on Northbrook's Eighth Affirmative Defense (Docket No. 20). For the reasons set forth below, that motion is granted.

## Facts

Northbrook retained Barr as a general contractor for a construction project to perform commercial improvements, upgrades, additions and renovations to Northbrook Village as part of a project to develop affordable homes for the elderly on November 29, 2011. The Project received funding from the U.S. Department of Housing and Urban Development ("HUD"). Prior to beginning work on the Project, Barr was required by HUD to obtain a lien bond pursuant to M.G.L. ch. 254 § 12 and a performance-payment bond. Barr was listed as principal on both bonds.

The Project was expected to be completed in January 2013, however, due to various delays, the Project was not complete as of June 2013. On June 3, 2013, Northbrook notified Barr of its intent to terminate the contract. On or about June 6, 2013, Barr recorded its Notice of Contract in the Worcester County Registry of Deeds. Northbrook officially terminated the contract on or about June 30, 2013 and prevented Barr from returning to work on the project. On October 22, 2013, Barr recorded a Statement of Account and filed an Amended Statement of Account on October 25, 2013 pursuant to M.GL. ch. 254, § 8. The Amended Statement reflected a balance due to Barr of $1,827,962.82.

## Discussion

*Standard of Review*

When ruling on a motion for summary judgment, the Court must construe the facts in a light most favorable to the non-moving party. *Benoit v. Tech. Mfg. Corp.*, 331 F.3d 166, 173 (1st Cir. 2003). Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" when the evidence is such that a reasonable fact-finder could resolve the point in favor of the non-moving party, and a fact is "material" when it might affect the outcome of the suit under the applicable law. *Morris v. Gov't Dev. Bank*, 27 F.3d 746, 748 (1st Cir. 1994). The non-moving party bears the burden of placing at least one material fact into dispute after the moving party shows the absence of any disputed material fact. *Mendes v. Medtronic, Inc.*, 18 F.3d 13, 15 (1st Cir. 1994) (discussing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986)).

*Whether Barr had the Right to Establish a Mechanic's Lien*

Northbrook asserts in its response to the Complaint that Barr does not have a legal right to establish a mechanic's lien due to the lien bond that Barr was required to obtain prior to beginning work on the project. Plaintiff disputes that the lien bond prevents it, as the listed principal, from establishing a mechanic's lien on the property and further argues that it has followed the proper statutory requirements to establish such a lien. Both parties agree that a lien bond was properly recorded in the Worcester County Registry of Deeds and that Barr was named principal on the bond. In dispute is whether there is a statutory prohibition against Barr establishing a mechanic's lien on the Northbrook property. As there are no material facts at issue, this question can be decided as a matter of law.

The primary purpose of the mechanic's lien statute is to "provide security to contractors, subcontractors, laborers, and suppliers for the value of their services and goods provided for improving the owner's real estate" through perfection of a mechanic's lien on the owner's real estate. *NES Rentals v. Maine Drilling & Blasting, Inc.*, 992 N.E.2d 291, 294-295 (Mass. 2013) (quoting *Hammill-McCormick Assocs., Inc. v. New England Tel. & Tel. Co.*, 505 N.E.2d 883, 884 (Mass. 1987)). The mechanic's lien statute also provides a mechanism to protect a property from becoming encumbered by future liens by allowing a party to record a lien bond at the appropriate county registry of deeds. *NES Rentals*, 992 N.E.2d at 295. Lien bonds preclude the establishment of a mechanic's lien by any person "entitled to the benefit of such bond *and* not named as a principal thereon for labor or for labor and materials performed under the contract in respect to which such bond is given." M.G.L. ch. 254, § 12 (2003) (emphasis added).

Since mechanic's liens are intended to provide security to contractors, subcontractors, laborers and suppliers, *Hammill-McCormick Assocs, Inc.* 505 N.E.2d at 884, a reasonable reading of the statutory language would indicate that a lien bond would be for the benefit of the same group and consequently such members would be precluded from establishing a lien upon that property. However, the statute makes an exception by also allowing that the named principal on the bond is not precluded from establishing a mechanic's lien. In this instance, Barr, as named principal, would not be prevented from placing a lien on Defendant's property. As such, Plaintiff's partial motion for summary judgment is granted.

## **Conclusion**

For the reasons stated above, Barr Inc.'s Motion for Partial Summary Judgment on Defendant Northbrook Village II, Inc.'s Eighth Affirmative Defense (Docket No. 20) is ***granted***. SO ORDERED.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE